IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFAEL TESTA VEGA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil Action No. 3:25-cv-25 |
| | ) Judge Stephanie L. Haines |
| MICHAEL UNDERWOOD, | ) Magistrate Judge Keith A. Pesto |
| *Acting Warden FCI Loretto*, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM ORDER**

Presently before the Court is a Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2241 by *pro se* Petitioner Rafael Testa Vega ("Petitioner") (ECF No. 5). Petitioner asserts that his sentence is being carried out illegally because his earned time credits ("ETC") weren't properly applied toward his pre-release custody under the First Step Act ("FSA"). ECF No. 5, p. 6. He asserts that while he is an illegal immigrant, he does not have a final order of removal so he is still eligible to benefit from ETCs. ECF No. 5, p. 8. He further states that using the administrative remedy procedure provided by the Bureau of Prisons ("BOP") to grieve his issue is futile. ECF No. 1, p. 6. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

**A.    Standard of Review**

A petition for a writ of habeas corpus must be promptly screened and is subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[1] *See* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254; *see also id.* at Rule 1(b) (applying to Section 2241 petitions). Rule 4 also states that

---

[1] The Court notes that Respondent has entered an appearance but no Response to the Petition has been filed.

1

a judge must order the respondent to file an answer only "[i]f the petition is not dismissed...." *Id.* "The language of the rule thus makes clear: where it is plainly apparent from the face of the petition that the petitioner will not prevail, the petition should be dismissed without ordering the respondent to answer." *Santiago Rosario v. Philadelphia Cnty.*, No. CV 19-6017, 2020 WL 8674051, at *1–2 (E.D. Pa. Sept. 24, 2020), *report and recommendation adopted sub nom. Rosario v. Philadelphia Cnty.*, No. 19-CV-6017, 2021 WL 765781 (E.D. Pa. Feb. 26, 2021) (citing *Pritchard v. Wetzel*, No. 13-5406, 2014 WL 199907, at *2 (E.D. Pa. Jan. 16, 2014); *Smallwood v. Meisel*, No. 13-3989, 2013 WL 6153238, at *2 (E.D. Pa. Oct. 16, 2013), *report and recommendation adopted*, No. 13-3989, 2013 WL 6145123 (E.D. Pa. Nov. 21, 2013)).

The Advisory Committee Notes to this rule similarly recognize that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Santiago Rosario*, 2020 WL 8674051, at *1–2 (E.D. Pa. Sept. 24, 2020); *see also Ogunlana v. Barraza*, No. 4:22-CV-01854, 2022 WL 17814213, at *1 (M.D. Pa. Dec. 14, 2022) ("28 U.S.C. § 2254 Rule 1(b) (permitting district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions"); *id.* ("§ 2254 Rule 4 (requiring courts to screen habeas petitions and, '[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner'").

Numerous courts within our Circuit have followed this interpretation and have dismissed habeas petitions upon an initial screening. *See, e.g., Shaw v. Wynder,* No. Civ.A. 08–1863, 2008 WL 3887642 (E.D. Pa. Aug. 21, 2008) (dismissing petition without requiring response where claim frivolous); *Craig v. Rozum,* No. Civ.A. 07–5490, 2008 WL 920346 (E.D. Pa. Apr. 2, 2008) (same); *Watson v. Wynder,* No. 2:07-cv-4066, (E.D. Pa. Nov. 27, 2007) (same); *PorteYanes v.*

2

*Lore,* No. CIV 4:CV–07–1525, 2007 WL 2852385 (M.D. Pa. Sep. 27, 2007) (applying Rule 4 to § 2241 petition). *See also Allen v. Perini,* 26 Ohio Misc. 149, 424 F.2d 134, 140–41 (6th Cir.1970) (determining that a reviewing federal habeas court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face. No return is necessary when the petition is frivolous, or obviously lacking in merit, or where, as here, the necessary facts can be determined from the petition itself without need for consideration of a return."). *Alexander v. Corbin,* No. CIV.A. 11-2727, 2011 WL 5340568, at *1 (E.D. Pa. Sept. 28, 2011), *report and recommendation* adopted, No. 11-CV-2727, 2011 WL 5357828 (E.D. Pa. Nov. 3, 2011); *see also Tice v. Wilson,* No. 1:24-CV-46-RAL, 2024 WL 1771054, at *1 (W.D. Pa. Feb. 29, 2024), *report and recommendation rejected on other grounds,* No. 1:24-CV-46, 2024 WL 1550331 (W.D. Pa. Apr. 10, 2024).

### B. **Discussion**

Magistrate Judge Pesto screened Petitioner's Petition and filed a Report and Recommendation (ECF No. 7) recommending the Petition be denied. Judge Pesto explained that Petitioner is an inmate at the Federal Corrections Institution at Loretto serving a sentence of 120 months imprisonment followed by no term of supervised release. ECF No. 7, p. 4. No term of supervised release was imposed because Petitioner is not a citizen of the United States and faces removal after his term of imprisonment expires. ECF No. 7, p. 2. The FSA does not allow for the application of ETCs to a sentence to transfer a prisoner from imprisonment to earlier service of supervised release, if no term of supervised release has been imposed. ECF No. 7, p. 2. Therefore, Petitioner is ineligible for such for relief. *See* 18 U.S.C. § 3632(d)(4)(C); 28 C.F.R. § 523.44.[2]

---

[2] Petitioner had a pending Motion to Impose Supervised Release to his sentence. *United States v. Testa-Vega,* 2:17-cr-20386 (2) (E.D. Mich. (Detroit)), ECF No. 77. On August 6, 2025, that Motion was denied (ECF No. 83).

Plaintiff was advised he had fourteen days to object to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Plaintiff has filed no Objections and the time to do so has expired.

This Court agrees with Judge Pesto's findings that support the dismissal of the Petition. Petitioner is not eligible for ETCs under the law because he was sentenced without a term of supervised release. The Court declines to address Petitioner's assertion that the Warden at FCI-Loretto, because of Petitioner's immigration detainer, will not assist him or other non-US citizens with ETCs, making administrative remedies futile. The law is clear that Petitioner is ineligible.

Upon review of the record, the Report and Recommendation (ECF No. 7), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto. Judge Pesto correctly determined Petitioner has failed to state a claim upon which relief can be granted. Petitioner is not eligible for the Earned Time Credits under the FSA program.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 18th day of December, 2025, IT IS ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 7) is adopted as the Court Court's Opinion and;

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 5) is hereby DENIED;

IT IS FURTHER ORDERED that a certificate of appealability likewise is DENIED as Petitioner has failed to make a substantial showing of the denial of a constitutional right or to show that reasonable jurists would find the Court's assessment of his constitutional claim debatable or

wrong. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); and,

      The Clerk is to mark this case closed.

 

_____
Stephanie L. Haines
United States District Judge

5